Hillsborough
No. 85-282

### WALTER H. PSKOWSKI

v.

### AETNA CASUALTY & SURETY CO., INC.

December 8, 1986

*Cullity, Kelley & McDowell*, of Manchester, and *Elizabeth Cazden*, of Manchester (*Joseph McDowell, III*, and *Ms. Cazden* on the brief, and *Mr. McDowell* orally), for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*Thomas B. Cronmiller* and *Michael P. Lehman* on the brief, and *Mr. Lehman* orally), for the defendant.

### MEMORANDUM OPINION

The defendant appeals a determination by the Superior Court (*Dalianis*, J.) that the plaintiff is entitled to workers' compensation benefits under RSA chapter 281. Because of uncertainty about the scope of the trial court's order, we vacate and remand.

It is undisputed that prior to a work-related accident in 1982 the plaintiff suffered from several progressively debilitating diseases. After the accident he filed a petition with the department of labor, which the parties have not included in the record, requesting an award of workers' compensation benefits under RSA 281:37, I. The department denied the petition on the ground that the accident did not cause a "substantial" aggravation of the preexisting conditions.

The plaintiff then appealed to the superior court, *id.*, where he identified the benefits he sought merely by referring in his appeal documents to the original petition. The court granted the petition and ordered the case remanded to the department of labor for the computation of benefits "consistent with [the court's] opinion."

In the appeal to this court we immediately hit a stumbling block when we try to determine exactly what benefits would be consistent with the superior court's opinion. The plaintiff interprets the opinion as awarding benefits for permanent and total disability. *See*

RSA 281:23 (Supp. 1986). It is unclear from the briefs, but the defendant may interpret the opinion somewhat differently, as awarding benefits for permanent, though not total, disability. *See* RSA 281:25. The defendant claims, in any case, that the court should have awarded benefits only for the period during which the accident will aggravate the plaintiff's underlying degenerative conditions, and should have denied benefits for any period thereafter. *See* RSA 281:23 (Supp. 1986). We, however, cannot determine whether either party correctly interprets the trial court's award, or whether the court intended a third alternative of awarding benefits only for temporary total disability. *See id.* Consequently we are unable to say whether the record presents the issue that the defendant seeks to raise on appeal.

The reason for our difficulty appears from an examination of the trial court's findings, rulings and decree. There is, first, support for the plaintiff's interpretation. The court found that the accident aggravated his condition "to the point where he could not return to the condition . . . he had been in prior to the fall," and it granted the plaintiff's request to find that he was totally and permanently disabled.

On the other hand, further examination of the record suggests that the court did not find and rule that the accident had caused compensable permanent disability. The court expressly found that the accidental injury rendered the plaintiff totally disabled, but it did not find that the injury caused a permanent disability. At the same time, the court expressly found that preexisting and progressively degenerative arthritic and disc diseases would have resulted in permanent, though not necessarily total, disability, even if there had been no injury. (The court made this finding by granting one of the defendant's requests subject to the qualification, "consistent with [the court's] opinion." We see no inconsistency between the opinion and the requested finding on permanent disability and therefore assume that the latter was in fact granted as we have described it.) In sum, the court found that the preexisting conditions would have rendered the plaintiff permanently disabled to some degree, and that the effect of the accident had rendered him totally disabled for some period. On the basis of these findings we would have expected the trial court to enter an order for payment of benefits for the temporary period of total disability under RSA 281:23 (Supp. 1986), an order which the defendant probably would not now contest.

We could, or course, resolve both the ambiguity and this appeal by reading the court's order as limiting benefits to temporary duration, in accordance with the express findings on causation. But we are not entirely certain that the court intended this, and any such interpre-

tation by us would leave the plaintiff with a partially adverse ruling that he did not understand and therefore did not appeal. There is less risk of error on our part in following the different course of vacating the trial court's order and remanding for further proceedings to revise the findings, rulings and decree, so as to remove the ambiguity.

*Vacated and remanded.*